# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THOMAS ESTES,**

    **Plaintiff,**

    v.                                         Case No. 14-CV-1256

**STATE OF WISCONSIN;**
**CITY OF CORVALLIS, OR;**
**BENTON COUNTY, OR; STATE**
**OF WASHINGTON TORTS DIVISION;**
**and CITYCOUNTY INSURANCE,**

    **Defendants.**

## ORDER ON PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

On October 9, 2014, the plaintiff, Thomas R. Estes ("Estes"), filed a *pro se* complaint against the State of Wisconsin; the City of Corvallis, Oregon; Benton County, Oregon; the State of Washington Torts Division; and CityCounty Insurance. Estes seeks various forms of relief from alleged wrongdoing by several of the named defendants, including an independent investigation conducted by the State of Wisconsin; a writ allowing him to obtain police reports, videos, and photographs; and an award of 114 million dollars. This matter comes before the court on Estes' motion to proceed *in forma pauperis*. However, because Estes' complaint is not properly venued in this district, the case will be dismissed.

## BACKGROUND

The allegations in Estes' complaint concern interactions with Benton County, the City of Corvallis, and various police departments. Estes was a resident of Corvallis, Oregon, in Benton County, from September 5, 2002 to July 22, 2006. (Docket # 1 at 3.) In February 2004, Estes

registered a business with the State of Oregon and obtained a business license. (*Id.*) Later that year, a temporary domestic violence restraining order was entered and subsequently dismissed. (*Id.*) In June 2007, Estes sought records from the City of Corvallis, and that request was denied. (*Id.*) The bulk of Estes' claims seem to come from a December 27, 2006 encounter with Benton County officials and the City of Corvallis. (*Id.* at 4.) Estes alleges that on that date, he was approached by the Corvallis police and questioned. (*Id.*) He was also informed that police believed he was engaging in harassing behavior. (*Id.*) He was instructed to leave the state; particularly he alleges that the officers told him to "get in your car and get out of here" and to "take care of your legal problems from somewhere else." (*Id.*) When he got back into his vehicle, he was surrounded by an estimated 20 police officers, and officials took photographs as well as video. (*Id.*) He was instructed to get on the ground. (*Id.*) He was issued over $900.00 in driving infraction fines. (*Id.*) Estes also makes allegations about a defective search warrant that was executed at his home, as well as allegations of officials creating fictitious crime scenarios in order to obtain search warrants. (*Id.* at 3.) Additionally, in October 2013, Estes sought a driver's license from the State of Wisconsin. (*Id.*) He was denied a license due to obligations in Oregon. (*Id.*)

## DISCUSSION

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must make two determinations.

First, the court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). This is done through a review of the litigant's assets as stated on an affidavit submitted to court. *Id.*

Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, or does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. *Neitzke*, 490 U.S. at 324; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim are to be reviewed based on the standards set for dismissals under Federal Rule of Civil Procedure Rule 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Under Federal Rule of Civil Procedure 8(a)(2), an action is considered to state a claim if, at a minimum, it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## ANALYSIS

I will begin with the second inquiry: whether Estes' complaint is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To begin, I find that Estes' complaint sues several defendants immune from liability. He lists the State of Wisconsin as a defendant; however, the Eleventh Amendment bars suits against states, unless the state waives its immunity or Congress has overridden it. *Griffin v. Kentucky*, 473 U.S. 159, 167 n.14 (1985) (explaining that "a state cannot be sued directly in its own name regardless of the relief sought" unless the State waived Eleventh Amendment immunity or "Congress has overridden it"). The State of Washington Torts Division[1] also must be dismissed. Just as a state itself is immune from suit under the Eleventh

---

[1] I take judicial notice that the Washington State Torts Division (the Torts Division) is a division of the State of Washington's Attorney General's office. http://www.atg.wa.gov/Divisions/Torts.aspx#.VFo622dAH3U (last visited Nov. 5, 2014).

- 3 -

Amendment, so is any "arm of the state." *See Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748-49 (7th Cir. 2005). Therefore, the only remaining defendants are the City of Corvallis, Benton County, and CityCounty Insurance.

Even if Estes' complaint states a claim against the remaining defendants, the case is not properly venued in this district. Pursuant to 28 U.S.C. § 1391, a plaintiff may bring a civil suit in a judicial district where: (1) any defendant resides, if all defendants are residents of the State in which the district is located; (2) where a "substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is subject of the action is situated;" or (3) where any defendant is subject to the court's personal jurisdiction with respect to such action when there is no other district in which an action may be otherwise brought as provided in § 1391. No remaining defendants reside in Wisconsin, and the allegations in the complaint concern events that occurred in the State of Oregon.[2] Additionally, no facts support that any of the remaining defendants are subject to the court's personal jurisdiction in this district. Therefore, I will dismiss Estes' complaint because the case is not properly brought in this district.

Because the complaint is not properly venued in this district, I need not determine whether Estes is indigent for purpose of the *in forma pauperis* state.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for improper venue.

**IT IS ALSO ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) is **DENIED AS MOOT**.

---

[2] Though one of Estes' allegations is that Wisconsin denied him a driver's license, the State of Wisconsin has been dismissed as a defendant. Even if Estes had properly named a defendant, the "substantial part of the events" giving rise to the claims in Estes' complaint occurred in the State of Oregon.

- 4 -

**IT IS FURTHER** ordered that the Clerk of Courts enter judgment accordingly.


Dated at Milwaukee, Wisconsin this 6th day of November, 2014.

                                        BY THE COURT

                                        s/ *Nancy Joseph*
                                        NANCY JOSEPH
                                        United States Magistrate Judge